WASHINGTON STATE REPUBLICAN PARTY; Christopher Vance; Bertabelle Hubka; Steve Neighbors; Brent Boger; Marcy Collins; Michael Young, Plaintiffs–Appellees,

and

Washington State Democratic Central Committee; Paul Berendt; Libertarian Party of Washington State; Ruth Bennett; J.S. Mills, Plaintiffs–Intervenors–Appellees,

v.

State of WASHINGTON; Rob McKenna, Attorney General; Sam Reed, Secretary of State; Washington State Grange, Defendants–Intervenors–Appellants.

No. 05–35774.

United States Court of Appeals, Ninth Circuit.

Oct. 2, 2008.

Kevin B. Hansen, John J. White, Jr., Livengood Fitzgerald & Alskog, Kirkland, WA, for Plaintiffs–Appellees.

Thomas Fitzgerald Ahearne, Rodrick J. Dembowski, Ramsey Ramerman, Foster Pepper, PLLC, Seattle, WA, Robert M. McKenna, Attorney General, Maureen Hart, Solicitor General, James K. Pharris, Jeffrey T. Even, Deputy Solicitors General, Olympia, WA, for Defendants–Intervenors–Appellants.

Jay S. Carlson, David T. McDonald, Kirkpatrick & Lockhart Preston Gates Ellis, LLP, Seattle, WA, Richard Dale Shepard, Shepard Law Office, Inc., Tacoma, WA, for Plaintiffs–Intervenors–Appellees.

Before: D.W. NELSON, PAMELA ANN RYMER and RAYMOND C. FISHER, Circuit Judges.

### ORDER

This case was remanded to us from the United States Supreme Court. *See Wash. State Grange v. Wash. State Republican Party,* — U.S. —, 128 S.Ct. 1184, 170 L.Ed.2d 151 (2008). In light of the Supreme Court's decision, we VACATE our opinion in *Washington State Republican Party v. Washington,* 460 F.3d 1108 (9th Cir.2006), VACATE our August 22, 2006 and October 3, 2006 orders granting attorney's fees and costs and REMAND to the district court with the following instructions.

The district court should DISMISS all facial associational rights claims challenging Initiative 872. *See Wash. State Grange,* 128 S.Ct. at 1187.

The district court should DISMISS all equal protection claims. The allegedly discriminatory statutes were repealed by Initiative 872. *See Wash. State Grange,* 128 S.Ct. at 1192–93.

The district court should DISMISS as waived all claims that Initiative 872 imposes illegal qualifications for federal office, sets illegal timing of federal elections or imposes discriminatory campaign finance rules because these claims were neither pled by the parties nor addressed in summary judgment by the district court.

The district court may allow the parties to further develop the record with respect to the claims that Initiative 872 unconstitutionally constrains access to the ballot and appropriates the political parties' trademarks, to the extent these claims have not been waived or disposed of by the Supreme Court.

The district court may make appropriate findings concerning the parties' settlement of fees and should determine whether restitution or further fee awards are appropriate in response to appellee Washington State's motion to vacate award of attorney's fees and costs, for judgment awarding restitution of fees and costs and for costs.

Remanded for proceedings according to the above instructions.